**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Dei Vitae Enterprises, LLC** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | **27-0616713** |

**4.** **Debtor's address**

**Principal place of business**

**105 Graham Hall Court**
**Matthews, NC 28104**
Number, Street, City, State & ZIP Code

**Union**
County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

**5.** **Debtor's website (URL)** _____

**6.** **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Dei Vitae Enterprises, LLC**                                                    Case number (*if known*) _____
          Name

**7.    Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

Debtor    **Dei Vitae Enterprises, LLC**                                    Case number (*if known*) _____
       Name

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

| | | |
|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor | **See Attachment** |
| | District | _____ When _____ |

Relationship _____

Case number, if known _____

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

▓▓▓ **Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.** **Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.** **Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor    **Dei Vitae Enterprises, LLC**                                    Case number (*if known*)
Name

☐ $50,001 - $100,000          ☐ $10,000,001 - $50  million        ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million       ☐ $100,000,001 - $500 million      ☐ More than $50 billion

| Debtor | **Dei Vitae Enterprises, LLC** | | Case number (*if known*) | |
| | Name | | | |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02 / 28 / 2023
MM / DD / YYYY

X *Susan H. Burton*
Signature of authorized representative of debtor

Susan H. Burton
Printed name

Title   **Member**

---

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date   02/28/2023
MM / DD / YYYY

John C. Woodman
Printed name

Essex Richards, P.A.
Firm name

1701 South Blvd.
Charlotte, NC 28203
Number, Street, City, State & ZIP Code

Contact phone   704-377-4300        Email address   jwoodman@essexrichards.com

42365 NC
Bar number and State

---

Debtor   **Dei Vitae Enterprises, LLC**                                      Case number (*if known*) _____
Name

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

WESTERN DISTRICT OF NORTH CAROLINA
_____

Case number *(if known)* _____        Chapter   **11**

☐  Check if this an
   amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| Debtor | **In re KLMKH, Inc.** | | | Relationship to you | | **Debtor has an interest in KLMK** |
|---|---|---|---|---|---|---|
| District | **Western District of North Carolina** | When | **5/26/22** | Case number, if known | | **22-30232** |
| Debtor | **James Reuben Burton Jr. and Susan Burton** | | | Relationship to you | | **Insider** |
| District | **Western District of North Carolina** | When | **2/22/23** | Case number, if known | | **23-30128** |

## <u>COMPANY RESOLUTION</u>

I, the undersigned, being the Member Manager DEI VITAE ENTERPRISES, LLC., a North Carolina LIMITED LIABILITY COMPANY (the "Company"), having corporate headquarters located at 105 Graham Hall Court, Matthews, NC 28104, do hereby adopt the following resolutions by signing below to consent to action without holding a formal meeting the Company:

**RESOLVED**, that the filing by the Company of a petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of North Carolina is approved; and it is

**FURTHER RESOLVED**, that the officer of the Company is authorized, empowered, and directed to execute on behalf of the Company a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina, and any affidavits, forms, schedules, application or any other pleadings or documents which are necessary or appropriate, including debtor-in-possession financing arrangements; and it is

**FURTHER RESOLVED**, that the retention on behalf of the Company of the law firm of Essex Richards, P.A.., upon such terms and conditions as the Officer of the Company shall approve, to render legal services to, and to represent the Company in connection with such chapter 11 proceedings and other related matters in connection therewith, is authorized and approved; and it is

**FURTHER RESOLVED**, that the retention on behalf of the Company of Michael Bowers as the Chief Restructuring Officer, upon such terms and conditions as the Officer of the Company shall approve, in connection with such chapter 11 proceedings and other related matters in connection therewith, is authorized and approved; and it is

**FURTHER RESOLVED**, that any of the Officer of the Company are each severally authorized to retain on behalf of the Company such other professionals as the Officer of the Company deem necessary or appropriate, upon such terms and conditions as the Officer of the Company shall approve, to render services to the Company in connection with such chapter 11 proceedings and with respect to other related matters in connection therewith; and it is

**FURTHER RESOLVED**, that any of the Officer of the Company are authorized, empowered, and directed to take any and all further action and to execute and deliver any and all such further instruments and documents and to pay all such expenses (subject to bankruptcy court approval), where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that all actions taken by the Officer of the Company prior to the date hereof in connection with the reorganization of the Company or any matter related thereto, or by virtue of these resolutions, are hereby in all respects ratified, confirmed, and approved.

Dated: Charlotte, North Carolina
February 28, 2023

**DEI VITAE ENTERPRISES, LLC**

By: _Susan H. Burton_

Print Name: Susan Burton
Its: Member

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **DEI VITAE ENTERPRISES, LLC** | ) | **Case No. 22-** |
| | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned for **DEI VITAE ENTERPRISES, LLC** in the above captioned action, certifies that the following is a corporation, other than the debtor or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1:

Debtor holds a 31% interest in KLMKH which is a publicly traded company.

Date: February 28, 2023
Charlotte, NC

**ESSEX RICHARDS, P.A.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: jwoodman@essexrichards.com
*Counsel for the Debtor*

By: *Susan H. Burton*

Print Name: Susan H. Burton
Its: Member

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| **DEI VITAE ENTERPRISES, LLC** | ) | **Case No. 23-** |
| | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS

Below is a list of the Debtor's equity security holders which is prepared in accordance with Bankruptcy Rule 1007(a)(3) for filing in this Chapter 11 case:

| | |
|---|---|
| Susan Burton | 98.25% |
| New Era Technologies, LLC | 1.75% |

Date: February 28, 2023
Charlotte, NC

**ESSEX RICHARDS, P.A.**

*/s/ John C. Woodman*
John C. Woodman (NC Bar No. 42365)
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: jwoodman@essexrichards.com
*Counsel for the Debtor*

By: _____

Print Name: Susan H. Burton
Its: Member

# OPERATING AGREEMENT OF
# **DEI VITAE ENTERPRISES , LLC**
## A Limited Liability Company

THIS OPERATING AGREEMENT ("Agreement") is entered into the 8th day of July, 2014, by and between the following entities and person(s): Susan Hunt Burton, Individual hereinafter, ("Founding Members", "Member" and/or "Executive Managing Directors", individually as a "Founding Member", "Member" or "Executive Managing Director").

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant, contract and agree as follows:

## ARTICLE I. FORMATION OF LIMITED LIABILITY COMPANY

SECTION 1.      Formation of LLC.  The Parties have formed a North Carolina limited liability company named Dei Vitae Enterprises , LLC ("LLC"). The operation of the LLC shall be governed by the terms of this Agreement and the provisions of the North Carolina Limited Liability Company Act, hereinafter referred to as the "Act".  To the extent permitted by the Act, the terms and provisions of this Agreement shall control if there is a conflict between such Law and this Agreement. The Parties intend that the LLC shall be taxed as a partnership. Any provisions of this Agreement, if any, that may cause the LLC not to be taxed as a partnership shall be inoperative.

SECTION 2.      Certificate of Formation.  The Members acting through one of its Members, Dei Vitae Enterprises , LLC, filed a Certificate of Formation, ("Certificate") for record in the office of the with the North Carolina Secretary of State on July 20, 2009, thereby creating the LLC.

SECTION 3.      Business.  The business of the LLC shall be to conduct or promote any lawful businesses or purposes within North Carolina or any other jurisdiction which a limited liability company is legally allowed to conduct or promote.

SECTION 4.      Registered Office and Registered Agent.  The registered office of the LLC shall be located at 7845 Colony Road Suite 4-156 Charlotte NC 28226, and the registered agent at such office shall be The North Carolina Company. The Members may change the registered office and/or registered agent from time to time.

SECTION 5.      Duration.   The LLC will commence business as of the date of filing and will continue in perpetuity.

## ARTICLE II. MEMBERS

SECTION 1.      Initial Members. The initial members of the LLC, their initial capital contributions, and their percentage interest in the LLC are:

| Initial Members | Percentage Interest in LLC | Capital Contribution |
|---|---|---|
| **Susan H Burton** | 95.26% | $1.00 |
| **Timothy Kiser** | 1.75% | assignment attached |
| **GLK Professional Services** | 2.63% | assignment attached |
| **Rita Greene** | .36% | assignment attached |

SECTION 2.      Additional Members.  New members may be admitted only upon the consent of a majority of the Members and upon compliance with the provisions of this agreement. North Carolina statues provide that only those members with more than 5% of the Ownership Interest need sign or be responsible for any provision under this Operating Agreement. All members do however have all other rights herein annotated in this Agreement.

## ARTICLE III. MANAGEMENT

SECTION 1.      Management.  The Members have elected to manage the LLC as follows:

The members shall elect officers who shall manage the company.  The managers may act for and on behalf of the LLC and shall have the power and authority to bind the LLC in all transactions and business dealings of any kind except as otherwise provided in this Agreement and/or The Members may delegate the management of the LLC to Manager(s), subject to the limitations set out in this agreement. The Members shall elect and may remove the Manager(s) by majority vote. A Manager shall serve until a successor is elected by the Members.  The Manager(s) shall have the authority to take all necessary and proper actions in order to conduct the business of the LLC. Except for decisions concerning distributions, any Manager can take any appropriate action on behalf of the LLC, including, but

not limited to signing checks, executing contracts, executing leases, and signing loan documents and/or equity documents. In determining the timing and total amount of distributions to the Members, the action of the Manager shall be based on a majority vote of the Managers, with or without a meeting. The compensation to the Manager(s) shall be determined by the Managers of the LLC subject to the articles of this agreement. There shall be one (1) initial Manager. The initial Manager(s) are:

**James R Burton Jr.**        Managing Director


SECTION 2.        Officers and Relating Provisions. In the event the Members elect to manage the LLC, rather than appointing a manager, the Members shall appoint officers for the LLC and the following provisions shall apply:

Officers. The officers of the LLC shall consist of a chairman, president, a treasurer and a secretary, or other officers or agents as may be elected and appointed by the Members. A Member may hold more than one or all offices. The officers shall act in the name of the LLC and shall supervise its operation under the direction and management of the Members, as further described below.

Election and Term of Office. The officers of the LLC shall be elected by the Members by a majority vote and shall serve as officers until another election is requested by a majority of the members.

Vacancies may be filled or new offices created and filled at any meeting of the Members. Each officer shall hold office until his/her death, until he/she shall resign, or until he/she is removed from office. Election or appointment of an officer or agent shall not of itself create a contract right.

Removal. Any officer or agent may be removed by a majority of the Members whenever they decide that the best interests of the Company would be served thereby. Such removal shall be without prejudice to the contract rights, if any, of the person so removed. Vacancies. A vacancy is any office because of death, resignation, removal, disqualification or otherwise may be filled by the Members for the unexpired portion of the term.

Chairman and President. The Chairman and President shall be the executive officers of the LLC and shall preside at all meetings of the Members. The Chairman and President shall have such other powers and perform such duties as are specified in this Agreement and as may from time to time be assigned by the Members of the LLC.

The Treasurer. The Treasurer shall be the chief financial officer of the LLC. The Treasurer shall not be required to give a bond for the faithful discharge of his/her duties. The Treasurer shall: (i) have charge and custody of and be responsible for all funds and securities of the LLC; (ii) in the absence of the Chairman and/or the President, preside at meetings of the Members; (iii) receive and give receipts for moneys due and payable to the LLC from any source whatsoever, and deposit all such moneys in the name of the LLC in such banks, trust companies or other depositaries as shall be selected by the Members of the LLC; and (iv) in general perform all the duties incident to the office of treasurer and such other duties as from time to time may be assigned by the Chairman and/or the President or by the Members of the LLC.

Secretary: The secretary shall: (i) keep the minutes of the Members meetings in one or more books provided for that purpose; (ii) see that all notices are duly given in accordance with the provisions of this Agreement or as required by law; (iii) be custodian of LLC records; (iv) keep a register of the post office address of each Member; (v) certify the Member's resolutions; and other documents to the LLC as true and correct; (vi) in the absence of the Chairman and/or the President and Treasurer, preside at meetings of the Members and (vii) in general perform all duties incident to the office of secretary and such other duties as from time as may be assigned by the Chairman and/or the President or the Members.

SECTION 3.        Notwithstanding any other provision of this Agreement, only a majority of the Managers may: (a) sell or encumber (but not lease) any real estate owned by the LLC, or (b) incur debt, expend funds, or otherwise obligate the LLC if the debt, expenditure, or other obligation exceeds $250,000.

## ARTICLE IV. CONTRIBUTIONS, PROFITS, LOSSES, AND DISTRIBUTIONS

SECTION 1.        Interest of Members.    Each Member shall own a percentage interest (sometimes referred to as a share) in the LLC. The Member's percentage interest shall be based on the amount of cash or other property that the Member has contributed to the LLC and that percentage interest shall control the Member's share of the profits, losses, and distributions of the LLC.

SECTION 2.        Contributions.    The initial contributions and initial percentage interest of the Members are as set out in this Agreement.

SECTION 3.        Additional Contributions.    Only a majority of the Members of the LLC may call on the Members to make additional cash

contributions as may be necessary to carry on the LLC's business. The amount of any additional cash contribution shall be based on the Member's then existing percentage interest.

SECTION 4.      Record of Contributions/Percentage Interests. This Agreement, any amendment(s) to this Agreement, and all Resolutions of the Members of the LLC shall constitute the record of the Members of the LLC and of their respective interest therein.

SECTION 5.      Profits and Losses. The profits all other tax attributes of the LLC shall be allocated among the Members on the basis of the Members' percentage interests in the LLC. All loses shall remain in total to Susan H Burton as Super Majority Owner.

SECTION 6.      Distributions. Distributions of cash or other assets of the LLC (other than in dissolution of the LLC) shall be made in the total amounts and at the times as determined by a majority of the Members. Any such distributions shall be allocated among the Members on the basis of the Members' percentage interests in the LLC.

SECTION 7.      Change in Interests. If during any year there is a change in a Member's percentage interest, the Member's share of profits and losses and distributions in that year shall be determined under a method which takes into account the varying interests during the year.

## ARTICLE V. VOTING; CONSENT TO ACTION

SECTION 1.      Voting by Members. Members shall be entitled to vote on all matters which provide for a vote of the Members in accordance with each Member's percentage interest.

SECTION 2.      Majority Required. Except as otherwise provided and delegated to the Officers or Managers, a majority of the Members, based upon their percentage ownership, is required for any action.

SECTION 3.      Meetings - Written Consent. Action of the Members or Officers may be accomplished with or without a meeting. If a meeting is held, evidence of the action shall be by Minutes or Resolution reflecting the action of the Meeting, signed by a majority of the Members, or the President and Secretary. Action without a meeting may be evidenced by a written consent signed by a majority of the Members, or the President and Secretary.

SECTION 4.      Meetings.  Meetings of the Members may be called by any Member owning 50.00% or more of the LLC, or, if Managers were selected, by any Manager of the LLC, or if Officers were elected, by any officer.

SECTION 5.      Majority Defined.  As used throughout this agreement the term "Majority" of the Members shall mean a majority of the ownership interest of the LLC as determined by the records of the LLC on the date of the action.

## ARTICLE VI. DUTIES AND LIMITATION OF LIABILITY MEMBERS, OFFICERS, AND PERSONS SERVING ON ADVISORY COMMITTEES; INDEMNIFICATION

SECTION 1.      Duties of Members: Limitation of Liability. The Members, Managers and officers shall perform their duties in good faith, in a manner they reasonably believe to be in the best interests of the LLC, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.  No Member or officer, by reason of being or having been a Member or officer, shall be liable to the LLC or to any other Member or officer for any loss or damage sustained by the LLC or any other Member or officer unless the loss or damage shall have been the result of fraud, deceit, gross negligence, willful misconduct, or a wrongful taking by that Member or officer.

SECTION 2.      Members Have No Exclusive Duty to LLC. The Members shall not be required to participate in the LLC as their sole and exclusive business.  Members may have other business interests and may participate in other investments or activities in addition to those relating to the LLC. No Member shall incur liability to the LLC or to any other Member by reason of participating in any such other business, investment or activity.

SECTION 3.      Protection of Members and Officers.
(a)      As used herein, the term "Protected Party" refers to the Members and officers of the Company.
(b)      To the extent that, at law or in equity, a Protected Party has duties (including fiduciary duties) and liabilities relating thereto to the LLC or to any other Protected Party, a Protected Party acting under this Agreement shall not be liable to the LLC or to any other Protected Party for good faith reliance on:
    (i)      the provisions of this Agreement;
    (ii)     the records of the LLC;
    (iii)    and/or such information, opinions, reports or statements presented to the LLC by any person as to matters the Protected Party reasonably believes are within such other person's professional or expert

competence and who has been selected with reasonable care by or on behalf of the LLC.

(c)     The provisions of this Agreement, to the extent that they restrict the duties and liabilities of a Protected Party to the LLC or to any other Protected Party otherwise existing at law or in equity, are agreed by the parties hereto to replace such other duties and liabilities of such Protected Party.

SECTION 4.      Indemnification and Insurance.

Right to Indemnification.  Any person who is or was a member or officer of the LLC and who is or may be a party to any civil action because of his/her participation in or with the LLC, and who acted in good faith and in a manner which he/she reasonably believed to be in, or not opposed to, the best interests of the LLC may be indemnified and held harmless by the LLC.  Any person who is or was a member or officer of the LLC and who is or may be a party to any criminal action because of his/her participation in or with the LLC, and who acted in good faith and had reasonable cause to believe that the act or omission was lawful, may be indemnified and held harmless by the LLC.

Advancement of Expenses. Expenses (including attorney's fees) incurred by an indemnified person in defending any proceeding shall be paid in advance of the proceedings conclusion. Should the indemnified member or officer ultimately be determined to not be entitled to indemnification, that member or officer agrees to immediately repay to LLC all funds expended by the LLC on behalf of the member or officer.

Non-Exclusivity of Rights. The right to indemnification and payment of fees and expenses conferred in this section shall not be exclusive of any right which any person may have or hereafter acquire under any statute, provision of this Agreement, contract, agreement, vote of Members or otherwise. The Members and officers are expressly authorized to adopt and enter into indemnification agreements for Members and officers.

Insurance. The Members may cause the LLC to purchase and maintain insurance for the LLC, for its Members and officers, and/or on behalf of any third party or parties whom the members might determine should be entitled to such insurance coverage.

Effect of Amendment. No amendment, repeal or modification of this Article shall adversely affect any rights hereunder with respect to any action or omission occurring prior to the date when such amendment, repeal or modification became effective.

## ARTICLE VII. MEMBERS INTEREST TERMINATED

SECTION 1.         Termination of Membership. A Member's interest in the LLC shall cease upon the occurrence of one or more of the following events:

(a)    A Member provided notice of withdrawal to the LLC thirty (30) days in advance of the withdrawal date. Withdrawal by a Member is not a breach of this Agreement

(b)    A Member assigns all of his/her interest to a qualified third party.

(c)    A Member dies.

(d)    There is an entry of an order by a court of competent jurisdiction adjudicating the Member incompetent to manage his/her person or his/her estate. In the case of an estate that is a Member, the distribution by the fiduciary of the estate's entire interest in the LLC.

(f)    A Member, without the consent of a majority of the Members: (1) makes an assignment for the benefit of creditors; (2) files a voluntary petition in bankruptcy; (3) is adjudicated a bankrupt or insolvent; (4) files a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law or regulation; (5) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in any proceeding of the nature described in this paragraph; (6) seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of the Member or of all or any substantial part of his properties; or (7) if any creditor permitted by law to do so should commence foreclosure or take any other action to seize or sell any Member's interest in the LLC.

(g) If within one hundred twenty (120) days after the commencement of any action against a Member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation, the action has not been dismissed and/or has not been consented to by a majority of the members.

(h) If within ninety (90) days after the appointment, without a member's consent or acquiescence, of a trustee, receiver, or liquidator of the Member or of all or any substantial part of the member's properties, said appointment is not vacated or within ninety (90) days after the expiration of any stay, the appointment is not vacated and/or has not been consented to by a majority of the members.

(i) Any of the events provided in applicable code provisions that are not inconsistent with the dissociation events identified above.

## ARTICLE VIII. RESTRICTIONS ON TRANSFERABILITY OF LLC INTEREST; SET PRICE FOR LLC INTEREST

SECTION 1.        LLC Interest.  The LLC interest is personal property.  A Member has no interest in property owned by the LLC.

SECTION 2.        Encumbrance.  A Member can encumber his LLC interest by a security interest or other form of collateral only with the consent of a majority of the other Members.  Such consent shall only be given if the proceeds of the encumbrance are contributed to the LLC to respond to a cash call of the LLC.

SECTION 3.        Sale of Interest.  A Member can sell his LLC interest only as follows:

(a)     If a Member desires to sell his/her interest, in whole or in part, he/she shall give written notice to the LLC of his desire to sell all or part of his/her interest and must first offer the interest to the LLC.  The LLC shall have the option to buy the offered interest at a price determined by the selling member.  The LLC shall have thirty (30) days from the receipt of the assigning Member's notice to give the assigning Member written notice of its intention to buy all, some, offer to buy at a 'counter price' or none of the offered interest. The decision to buy shall be made by a majority of the other Members.

(b)     To the extent the LLC does not buy the offered interest of the selling Member, the other Members shall have the option to buy the offered interest at the price on a pro rata basis based on the Members' percentage interests at that time.  If a Member or Members do not desire to buy up to his/her proportional part, the other Members can buy the remaining interest on the same pro rata basis. Members shall have fifteen (15) days from the date the LLC gives its written notice to the selling Member not to purchase his/her interest.  Member interested in buying shall give notice in writing of their intention to buy all, some, or none of the offered interest. Closing on the sales shall occur within sixty (60) days from the date that the Members give written notice of their intention to buy.  The purchase price from each purchasing Member shall be paid in cash at closing.

(c)     To the extent the LLC nor the Members do not buy the offered interest, the selling Member can then sell the interest to a non-member subject to a right of first refusal by the LLC. The selling Member must notify the LLC of any 'Bona Fide' offer along with all the terms and conditions of such purchase offer including, but limited to the name and background of the buying entity, the financial condition of the buying entity and any other reasonable information on the buying entity. The LLC shall have 30 days from receipt of all relevant information to offer to purchase the selling members interest on the same terms and conditions; decline its right of first refusal or not allow the sale if the buying entity is not deemed a suitable purchaser on a reasonable basis.

(d)     A non-member purchaser of a member's interest cannot exercise any rights of a Member unless a majority of the non-selling Members consent to him

becoming a Member. The non-member purchaser will be entitled, however, to share in such profits and losses, to receive such distributions, and to receive such allocation of income, gain, loss, deduction, credit or similar items to which the selling member would be entitled, to the extent of the interest assigned, and will be subject to calls for contributions under the terms of this Agreement. The purchaser, by purchasing the selling member's interest, agrees to be subject to all the terms of this Agreement as if he were a Member.

## ARTICLE IX. OBLIGATION TO SELL ON A DISSOCIATION EVENT CONCERNING A MEMBER

SECTION 1.        Deleted

## ARTICLE X. DISSOLUTION

SECTION 1.        Termination of LLC. The LLC will be dissolved and its affairs must be wound up only upon the written consent of a majority of the Members.

SECTION 2.        Final Distributions. Upon the winding up of the LLC, the assets must be distributed as follows: (a) to the LLC creditors; (b) to Members in satisfaction of liabilities for distributions; and (c) to Members first for the return of their contributions and secondly respecting their LLC interest, in the proportions in which the Members share in profits and losses.

## ARTICLE XI. TAX MATTERS

SECTION 1.        Capital Accounts. Capital accounts shall be maintained consistent with Internal Revenue Code § 704 and the regulations thereunder.

SECTION 2.        Partnership Election. The Members elect that the LLC be taxed as a partnership and not as an association taxable as a corporation.

## ARTICLE XII. RECORDS AND INFORMATION

SECTION 1.        Records and Inspection. The LLC shall maintain at its place of business the Articles of Organization, any amendments thereto, this Agreement, and all other LLC records required to be kept by the Act, and the same shall be subject to inspection and copying at the reasonable request, and the expense, of any Member.

SECTION 2.      Obtaining Additional Information.  Subject to reasonable standards, each Member may obtain from the LLC from time to time upon reasonable demand for any purpose reasonably related to the Member's interest as a Member in the LLC: (1) information regarding the state of the business and financial condition of the LLC; (2) promptly after becoming available, a copy of the LLC's federal, state, and local income tax returns for each year; and (3) other information regarding the affairs of the LLC as is just and reasonable.

## ARTICLE XIII. MISCELLANEOUS PROVISIONS

SECTION 1.      Amendment.   Except as otherwise provided in this Agreement, any amendment to this Agreement may be proposed by a Member. Unless waived by the Members, the proposing Member shall submit to the Members any such proposed amendment together with an opinion of counsel as to the legality of such amendment and the recommendation of the Member as to its adoption.  A proposed amendment shall become effective at such time as it has been approved in writing by a majority of the Members.  This Agreement may not be amended nor may any rights hereunder be waived except by an instrument in writing signed by the party sought to be charged with such amendment or waiver, except as otherwise provided in this Agreement.

SECTION 2.      Applicable Law.  To the extent permitted by law, this Agreement shall be construed in accordance with and governed by the laws of the State of North Carolina.

SECTION 3.      Pronouns, Etc.  References to a Member or Manager, including by use of a pronoun, shall be deemed to include masculine, feminine, singular, plural, individuals, partnerships or corporations where applicable.

SECTION 4.      Counterparts.  This instrument may be executed in any number of counterparts each of which shall be considered an original.

SECTION 5.      Specific Performance.  Each Member agrees with the other Members that the other Members would be irreparably damaged if any of the provisions of this Agreement are not performed in accordance with their specific terms and that monetary damages would not provide an adequate remedy in such event. Accordingly, it is agreed that, in addition to any other remedy to which the non-breaching Members may be entitled, at law or in equity, the non-breaching Members shall be entitled to injunctive relief to prevent breaches of this Agreement and, specifically, to enforce the terms and provisions of this Agreement in any action instituted in any court of the United States or any state thereof having subject matter jurisdiction thereof.

SECTION 6.    Further Action.  Each Member, upon the request of the LLC, agrees to perform all further acts and to execute, acknowledge and deliver any documents which may be necessary, appropriate, or desirable to carry out the provisions of this Agreement.

SECTION 7.    Method of Notices.  All written notices required or permitted by this Agreement shall be hand delivered or sent by registered or certified mail, postage prepaid, addressed to the LLC at its place of business or to a Member as set forth on the Member's signature page of this Agreement (except that any Member may from time to time give notice changing his address for that purpose), and shall be effective when personally delivered or, if mailed, on the date set forth on the receipt of registered or certified mail.

SECTION 8.    Facsimiles.  For purposes of this Agreement, any copy, facsimile, telecommunication or other reliable reproduction of a writing, transmission or signature may be substituted or used in lieu of the original writing, transmission or signature for any and all purposes for which the original writing, transmission or signature could be used, provided that such copy, facsimile telecommunication or other reproduction shall have been confirmed received by the sending Party.

SECTION 9.    Computation of Time.  In computing any period of time under this Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which event the period shall run until the end of the next day which is not a Saturday, Sunday or legal holiday.

WHEREFORE, the Parties have executed this Agreement on the dates stated below their signatures on the attached signature page for each individual Party.

NOTICE: EACH MEMBER HEREBY CERTIFIES THAT HE OR SHE HAS RECEIVED A COPY OF THIS OPERATING AGREEMENT AND FORMATION DOCUMENT OF DEI VITAE ENTERPRISES L.L.C., A NORTH CAROLINA LIMITED LIABILITY COMPANY.  EACH MEMBER REALIZES THAT AN INVESTMENT IN THIS COMPANY IS SPECULATIVE AND INVOLVES SUBSTANTIAL RISK.  EACH MEMBER IS AWARE AND CONSENTS TO THE FACT THAT THE INTERESTS IN THE COMPANY HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR ANY SECURITIES ACT OF THE STATE OF NORTH CAROLINA.  EACH

MEMBER AGREES TO BE BOUND BY ALL OF THE TERMS AND CONDITIONS OF THIS AGREEMENT AND THE FORMATION CERTIFICATE OR ARTICLES.

FOUNDING MEMBERS:

**Susan H Burton**

Signed and Agreed this 8th day of July, 2014

_____

Founding Member

# ASSIGNMENT OF MEMBERSHIP SHARES

This Assignment of Membership shares (the "Assignment") is made and effective July 8, 2014

BETWEEN:        **Dei Vitae Enterprises LLC** (the "Assignor"), a limited liability company
                organized and existing under the laws of North Carolina, with its principal office
                located at:

                7845 Colony Road
                Suite 4-156
                Charlotte, NC 28226

AND:            Rita Greene (the "Assignee"), an individual with his main address located at

                8601 Doughton Drive
                Bahama, NC 27503

### TERMS

1.  For value received, which is acknowledged in subsequent Agreements, the Assignor hereby assigns
    206 membership shares non-voting interest and benefit to Assignee in Dei Vitae Enterprises LLC

2.  The Assignor warrants the Assignee that the Shares are in full force and effect and that the Assignor
    owns these shares free and clear of all encumbrances

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above
written.

ASSIGNOR                                ASSIGNEE

Authorized Signature                    Authorized Signature

Reuben Burton  Managing Director        Rita Greene -
Print Name and Title                    Print Name and Title

# ASSIGNMENT OF MEMBERSHIP SHARES

This Assignment of Membership shares (the "Assignment") is made and effective July 8, 2014

**BETWEEN:**        **Dei Vitae Enterprises LLC** (the "Assignor"), a limited liability company
organized and existing under the laws of North Carolina, with its principal office
located at:

7845 Colony Road
Suite 4-156
Charlotte, NC  28226

**AND:**        **GLK Professional Services LLC** (the "Assignee"), an individual with his main
address located At

87 Stephens State Park Road
Hackettstown, NJ 07840

## TERMS

1.  For value received, which is acknowledged in subsequent Agreements, the Assignor hereby assigns
1500 membership shares non-voting interest and benefit to Assignee in Dei Vitae Enterprises LLC

2.  The Assignor warrants the Assignee that the Shares are in full force and effect and that the Assignor
owns these shares free and clear of all encumbrances

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above
written.

**ASSIGNOR**                                    **ASSIGNEE**

_____                          _____
Authorized Signature                            Authorized Signature

Reuben Burton  Managing Director                Gary Ketchum GLK Professional Services LLC -
Print Name and Title                            Print Name and Title

---

Assignment of Shares                                            Page 1 of 1

July 11, 2014

To:   Mr. Reuben Burton
      Dei Vitae Enterprises, LLC

Reference:    Tim Kiser – Dei Vitae Enterprises Promissory Note

Mr. Burton,

Per our conversation, the Promissory Note dated May 24, 2014 between Tim Kiser and Dei Vitae
Enterprises LLC will be cancelled and the $200,000.00 one-time payment on the Promissory Note will
be used towards the purchase and issue of 1,000 shares (1.75%) of stock in Dei Vitale Enterprises LLC.

Sincerely,

Timothy A. Kiser
1601 Duxford Walk SE
Smyrna, GA 30082
Cell: 404-272-3338


Reuben Burton
7845 Colony Road
Suite 4-156
Charlotte, NC 28226
Cell: 9890-226-6282

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Dei Vitae Enterprises, LLC** |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF NORTH CAROLINA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Barber Emerson, L.C. c/o Mark Anderson 1211 Massachusetts St. Box 667 Lawrence, KS 66044 | | | | | | $3,068.10 |
| Bayberry Capital c/o Jay Wright 9812 Falls Rd #114-299 Potomac, MD 20854 | | | | | | $21,000.00 |
| Bob and Lynn Tucker Properties 308 Armistead Ct Waxhaw, NC 28173 | | | | | | $25,871.85 |
| CT Corporation PO Box 4349 Carol Stream, IL 60197 | | | | | | $941.00 |
| David Hunt 9524 White Hemlock Ln Charlotte, NC 28270 | | | | | | $35,000.00 |
| De Lage Financial Services, Inc. c/o Fleischer, Fleischer & Suglia, P.C. Four Greentree Centre 601 Route 73 North, Suite 305 Marlton, NJ 08053 | | | | | | $7,790.79 |
| Fifth Third Bank P O Box 630337 Cincinnati, OH 45263-0337 | | | | | | $57,151.42 |

Debtor   **Dei Vitae Enterprises, LLC**
Name
                                                      Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Foley Lardner 1000 Louisiana St., Suite 2000 Houston, TX 77002** | | | | | | $210,035.98 |
| **J.B. King Fisher Patterson Sayler & Smith, LLP 3550 SW 5th Street Topeka, KS 66606** | | | | | | $36,000.00 |
| **Jefferson County Treasurer Lisa Buerman P.O. Box 458 Oskaloosa, KS 66066** | | | | | | $892.25 |
| **KLMKH, Inc. 11117 Saintsbury Place Charlotte, NC 28277** | | | | | | $517,000.00 |
| **Natan Holding, LLC 26990 Country Side Lake Mundelein, IL 60060** | | | **Disputed** | | | $1,700,000.00 |
| **R. Keith Johnson 1275 S. Highway 16 Stanley, NC 28164** | | | | | | $2,725.00 |
| **Red Oak Capital Fund II, LLC 625 Kenmoor Ave. SE, Suite 211 Grand Rapids, MI 49546** | | | **Unliquidated** | | | $4,850,000.00 |
| **Small Business Administration 409 3rd St. SW Washington, DC 20024** | | | | | | $125,000.00 |
| **Small Business Administration 409 3rd St. SW Washington, DC 20024** | | | | | | $45,000.00 |

**United States Bankruptcy Court**
**Western District of North Carolina**

In re    **Dei Vitae Enterprises, LLC**

_____    Case No. _____

Debtor(s)                                                   Chapter    11    _____

## VERIFICATION OF CREDITOR MATRIX

I, the Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to

the best of my knowledge.

Date:    02/28/2023   _____        _Susan H. Burton_   _____

                                             **Susan H. Burton/Member**
                                             Signer/Title

Dei Vitae Enterprises, LLC
105 Graham Hall Court
Matthews, NC 28104


John C. Woodman
Essex Richards, P.A.
1701 South Blvd.
Charlotte, NC 28203


City-County Tax Collector
P O Box 31637
Charlotte, NC 28231


Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346


North Carolina Department of Revenue
Bankruptcy Unit
P O Box 1168
Raleigh, NC 27602-1168


U.S. Attorney's Office
Western District of North Carolina
227 West Trade Street
Suite 1650
Charlotte, NC 28202


U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


Agingo
222 S. Church St., Ste 100
Charlotte, NC 28202


Barber Emerson, L.C. c/o Mark Anderson
1211 Massachusetts St. Box 667
Lawrence, KS 66044


Bayberry Capital
c/o Jay Wright
9812 Falls Rd #114-299
Potomac, MD 20854

Bob and Lynn Tucker Properties
308 Armistead Ct
Waxhaw, NC 28173


Ch. 13 Trustee, Jenny Holman
5970 Fairview Rd, Suite 650
Charlotte, NC 28210


CT Corporation
PO Box 4349
Carol Stream, IL 60197


David Hunt
9524 White Hemlock Ln
Charlotte, NC 28270


De Lage Financial Services, Inc.
c/o Fleischer, Fleischer & Suglia, P.C.
Four Greentree Centre
601 Route 73 North, Suite 305
Marlton, NJ 08053


Fifth Third Bank
P O Box 630337
Cincinnati, OH 45263-0337


Foley Lardner
1000 Louisana St., Suite 2000
Houston, TX 77002


GLK Professional Services
87 Stephens State Park Road
Hackettstown, NJ 07840


J.B. King
Fisher Patterson Sayler & Smith, LLP
3550 SW 5th Street
Topeka, KS 66606


Jefferson County Treasurer
Lisa Buerman
P.O. Box 458
Oskaloosa, KS 66066

KLMKH, Inc.
11117 Saintsbury Place
Charlotte, NC 28277


Millennium Properties R/E
225 West Illinois Suite 350
Chicago, IL 60654


Millennium Properties R/E
350 N. LaSalle Dr., Suite 1000
Chicago, IL 60654


Munin Capital
Simon Phillips
3 Queen Street
Mayfair London England


Natan Holding, LLC
26990 Country Side Lake
Mundelein, IL 60060


New Era Technologies, LLC
c/o Randy Franklin
11556 Costigan Lane
Charlotte, NC 28277


R. Keith Johnson
1275 S. Highway 16
Stanley, NC 28164


Red Oak Capital Fund II, LLC
625 Kenmoor Ave. SE, Suite 211
Grand Rapids, MI 49546


Small Business Administration
409 3rd St. SW
Washington, DC 20024


Small Business Administration
409 3rd St. SW
Washington, DC 20024


Susan Burton
105 Graham Hall Court
Matthews, NC 28104