UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **DEI VITAE ENTERPRISES, LLC**  )<br>)<br>)<br>**Debtor.**        )<br>_____) | Case No. 23-30148<br>Chapter 11 |

### DEBTOR'S EX PARTE MOTION FOR AUTHORITY TO RETAIN AND EMPLOY ESSEX RICHARDS, P.A. AS BANKRUPTCY COUNSEL

**NOW COMES** DEI VITAE ENTERPRISES, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), by this Application (the "Application"), pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and Sections 327 (a) and 330 of the Bankruptcy Code, hereby seeks authority to retain and employ the law firm of Essex Richards, P.A. (the "Firm") as bankruptcy counsel for this Chapter 11 case. In support of this Application, the Debtor respectfully submits as follows:

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Application in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409. This matter is core proceeding pursuant to 28 U.S.C. §§ 157 (b)(2). The statutory predicates for the relief requested herein are Sections 327 (a) and 330 of the Bankruptcy Code as well as Bankruptcy Rule 2014.

2.    The Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court on February 28, 2023 (the "Petition Date"). The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Pursuant to section 327 (a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor seeks authority to retain and employ the Firm as bankruptcy counsel in the above-captioned chapter 11 case.

4. Due to the Firm's experience and knowledge with bankruptcy as well as the Firm's efficient and cost-effective measures, the Debtor believes the retention of the Firm will be beneficial for the bankruptcy estate.

5. The Firm has become intimately aware of the Debtor's operations as well as the possible legal issues that may arise during the course of prosecuting this chapter 11 reorganization.

6. Consequently, the Debtor believes that the Firm is qualified to represent the bankruptcy estate in this matter in an efficient and timely manner.

7. Subject to Court Approval, pursuant to Section 330 of the Bankruptcy Code, the Debtor submits to compensate the Firm on an hourly bases, plus reimbursement of actual, necessary expenses incurred by the Firm. The standard hourly rates posted by the Firm for the attorneys and staff assigned to the Debtor's chapter 11 case are as follows:

    (a) John C. Woodman     $400.00 per hour;

    (b) David DiMatteo     $300.00 per hour;

    (c) Paralegal     $135.00 per hour; and

    (d) Staff     $65.00 per hour;

8. The foregoing hourly rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and staff may be assigned to the Debtor's case on an as needed basis, and said employees post rates similar to that of the above-referenced attorney and staff.

9. Moreover, said rates posted by the firm are standard hourly rates for the work of this nature and the individuals schedule above. The rates provided above strike a balance between fairly compensating the Firm for the work of its attorneys and staff but also the best interest of the Debtor and its bankruptcy estate. Pursuant to the engagement letter executed by the Debtor, the Firm charges its clients for all expenses incurred in the connection of their respective case including, but not limited to, telephone, print and copy charges, mail and express mail charges, travel expenses, computerized research, and non-ordinary overhead expenses (collectively, the "Expenses").

10. The Firm will charge the Debtor for the Expenses in a similar manner to the Firm's other corporate clients. The Firm believes charging the Expenses directly to the Debtor rather than spreading the Expenses amongst all clients is the most judicial and fair manner.

11. The professional services that the Firm may render to the Debtor include, but are not limited to, the following:

(i) provide legal advice concerning the responsibilities as a chapter 11 debtor-in-possession and the continued management of the its' business;
(ii) negotiate, prepare, and pursue confirmation of a chapter 11 plan and approval of disclosure statement, and all related reorganization agreements and/or documents;
(iii) prepare all necessary motions, applications, reports, orders, objections and the like associated with prosecuting the chapter 11 case;
(iv) preparation and the appearance in Bankruptcy Court to protect the Debtor's best interests;
(v) preform all other legal services for the Debtor which may become necessary in this chapter 11 case; and
(vi) prosecute and defend the Debtor in all adversary proceedings related to the base case.

12. To the best of the Debtor's knowledge, and except as otherwise disclosed in the Affidavit of John C. Woodman attached hereto as <u>Exhibit A</u> and incorporated by reference (the "Affidavit"), the Firm does not hold an interest adverse to that of the Debtor and is considered to be a "Disinterested Person" as defined in Section 101(14) of the Bankruptcy Code.

13. The Firm's employment is necessary and in the best interests of the Debtor and its estate.

14. To the best of the Debtor's knowledge, other than disclosed herein and in the Affidavit, the Firm has not represented the Debtor's creditors, equity security holders or any other parties in interest, or its respective attorneys, in any matter relating to the Debtor or its estate. In the event a conflict is discovered, the Firm shall file a supplemental affidavit stating the facts and circumstances of said conflict.

**WHEREFORE**, the Debtor respectfully requests that the Court authorize the relief sought in this motion and grant such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
March 23, 2023

**DEI VITAE ENTERPRISES, LLC**

By: /s/ Susan Burton

Print Name: Susan Burton

Its: Member

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **DEI VITAE ENTERPRISES, LLC** | ) | Case No. 23-30148 |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## AFFIDAVIT OF JOHN C. WOODMAN IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY ESSEX RICHARDS, P.A. AS BANKRUPTCY COUNSEL

I, John C. Woodman, being duly sworn, deposes and says:

1. I am a licensed attorney and have been duly admitted to practice in the State of North Carolina and the United States District Court for the Western District of North Carolina.

2. I am employed by the firm of Essex Richards, P.A. (the "Firm") in Charlotte, North Carolina.

3. I am over 21 years of age, of sound mind, and otherwise competent to make this affidavit. I make this affidavit based upon my personal knowledge except as to those matters stated upon information and belief, which matters I also believe to be true.

4. I submit this affidavit in support of the Application of DEI VITAE ENTERPRISES, LLC (the "Debtor") to retain and employ the Firm as bankruptcy counsel pursuant to Sections 327(a) and 330 of the Bankruptcy Code as well as Bankruptcy Rule 2014.

5. Upon information and belief, neither I, the Firm, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other parties in interest.

6. Both John C. Woodman and the Firm are considered to be a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel and associates:

> (a) are not creditors, equity security holders, or insiders of the Debtor; and
> (b) are not and were not investment bankers for any outstanding security of the Debtor.

7. The Firm receieved a retainer of $20,000.00 to be paid to the Firm. Said retainer will be used in the preparation of filing the necessary documents throughout the bankruptcy case.

8. Subject to this Court's approval and in compliance with the pertinent provisions of the Bankruptcy Code and Bankruptcy Rules, the Firm intends to apply for compensation of professional services rendered in connection with this chapter 11 case.

9. The standard hourly rates posted by the Firm for the attorneys and staff assigned to the Debtor's chapter 11 case are as follows:

> (a)　John C. Woodman　　$400.00 per hour;
>
> (b)　David DiMatteo　　$300.00 per hour;
>
> (c)　Paralegal　　$135.00 per hour; and
>
> (d)　Staff　　$65.00 per hour;

10. The foregoing hourly rates are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and staff may be assigned to the Debtor's case on an as needed basis, and said employees post rates similar to that of the above-referenced attorney and staff.

11. Moreover, said rates posted by the Firm are standard hourly rates for the work of this nature and the individuals schedule above. The rates provided above strike a balance between

fairly compensating the Firm for the work of its attorneys and staff but also the best interest of the Debtor and its bankruptcy estate. Pursuant to the engagement letter executed by the Debtor, the Firm charges its clients for all expenses incurred in the connection of their respective case including, but not limited to, telephone, print and copy charges, mail and express mail charges, travel expenses, computerized research, and non-ordinary overhead expenses (collectively, the "Expenses").

12. The Firm will charge the Debtor for the Expenses in a similar manner to the Firm's other corporate clients. The Firm believes charging the Expenses directly to the Debtor rather than spreading the Expenses amongst all clients is the most judicial and fair manner.

13. No promises have been received by the Firm nor by any partner, counsel or associate thereof as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share in the compensation received by the Firm in connection with this chapter 11 case.

Further the affiant sayeth not.

_____
John C. Woodman

Sworn to and subscribed before me,
this the 23 day of March, 2023.

_____
Notary Public

My Commission Expires: APRIL 1, 2023

[Notary Seal: SUZANNE M. MARAK, NOTARY PUBLIC, MECKLENBURG COUNTY, NC]