IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30148 |
| | ) | |
| DEI VITAE ENTERPRISES, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**ARC ENERGY DEVELOPMENT LLC'S COMBINED OBJECTION TO (I) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, OR ENCUMBRANCES PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE; AND (II) MOTION TO REJECT LEASE PURSUANT TO SECTIONS 365 OF THE BANKRUPTCY CODE**

ARC Energy Development LLC ("**ARC Energy**"), by and through undersigned counsel, objects to (the "**Objection**") Dei Vitae Enterprises, LLC's (the "**Debtor**") (i) *Motion for Authority to Sell Property Free and Clear of All Liens, Claims, Interests, or Encumbrances Pursuant to Sections 105 and 363 of the Bankruptcy Code* [Docket No. 27] (the "**Sale Motion**"), and (ii) *Motion to Reject Lease Pursuant to Sections 365 of the Bankruptcy Code* [Docket No. 28] (the "**Lease Rejection Motion**," and together, the "**Motions**"), and states as follows:

**INTRODUCTION**

1. The Debtor seeks to sell a number of assets to which it does not have ownership. ARC Energy, the Debtor, and its affiliated entity, KLMKH, Inc. ("**KLMKH**") have a storied past—including before this Court. After KLMKH's previous two bankruptcy cases, which were filed to prevent ARC Energy from conducting foreclosure sales on KLMKH's oil and gas interests and related equipment and were subsequently dismissed, ARC Energy purchased all of the Purchased Leases (as defined below) and Purchased Equipment (as defined below), *i.e.*, KLMKH's oil and gas leases and equipment in Jefferson County and Leavenworth County, Kansas, including the Bower Lease (as defined below), which is the prime oil and gas lease on the McLouth Property (as defined below).

2. During the two previous bankruptcy cases, which were filed in March and May of 2022, the Debtor created new top leases on the McLouth Property, which were granted to Crypto Colo Center Corp. ("**CCC**") and Colo Energy Production, LLC ("**CEP**"). According to the Debtor, CCC, CEP, the Debtor, and KLMKH were involved in some "restructure and alignment of interests to maximize revenue for the operations" in 2022. Lease Rejection Mot. ¶ 13. The relationship between these four entities remains opaque, but one thing remains clear: these entities continue to take action, both in and out of this Bankruptcy Court,[1] to improperly reduce or eliminate ARC Energy's interests in and to the Purchased Leases and Purchased Equipment. The filing of the Motions is just one more instance of such action.

3. Because the Debtor seeks to sell the Purchased Leases, Purchased Equipment, and other assets owned by ARC Energy—*which the Debtor has no ownership interest and, thus, cannot be estate property*—the Bankruptcy Court should deny the Motions.

## BACKGROUND FACTS

**I.     The McLouth Property and the Bower Lease.**

4. The Debtor asserts an ownership interest in (i) the real properly commonly known as 8974 North Highway 92, McLouth, Kansas 66054 (the "**McLouth Property**"), and (ii) unspecified oil and gas rights and leases, including that certain lease on the McLouth Property known as the "**Bower Lease**." *See* Lease Rejection Mot. ¶¶ 9, 12–13.

5. On October 2, 2017, Larry D. Alex assigned the Bower Lease to the Debtor by that certain Assignment of Oil and Gas Lease and Bill of Sale. *See* Docket No. 49 at Ex. 2.

6. The Debtor acquired the Bower Lease subject to that certain Farmount Agreement dated August 28, 1992 between Williams Natural Gas Company, the predecessor of Southern Star

---

[1] As stated below, CCC has initiated a quiet title action against ARC Energy related to the Purchased Leases and Purchased Equipment.

2

Central Pipeline, Inc. ("**Southern Star**"), and KLM Exploration, Inc., the predecessor to KLMKH. *See id.*

7. On March 23, 2020, Mary Elizabeth Alex, Surviving Trustee of the Larry Dean Alex Revocable Trust dated March 7, 2017 and Mary Elizabeth Alex, Trustee of the Mary Elizabeth Alex Revocable Trust dated March 7, 2017 conveyed the McLouth Property to the Debtor by Trustee's Deed. *See id.* at Ex. 3.

## II. The Debtor Transfers to KLMKH Its Interest in the Bower Lease, Which Secured KLMKH's Obligations Under the VPP Agreement.

8. On February 19, 2020, the Debtor assigned its interests "in the [Bower Lease] and the real property covered by the [Bower Lease]" to KLMKH pursuant to that certain Assignment of Interest in Oil and Gas Lease. *See* Exhibit A.

9. On February 20, 2020, ARC LPW I LLC ("**ARC LPW**") and KLMKH entered into that certain Volumetric Production Purchase Agreement (the "**VPP Agreement**"). *See* Exhibit B.

10. KLMKH's obligations under the VPP Agreement were secured by, in part, certain lease agreements that gave KLMKH the right to drill for oil in exchange for certain payments to the counterparties under the respective agreements. Pursuant to the VPP Agreement, as collateral for the payment and obligations, KLMKH

> hereby pledges and assigns to Assignee [ARC LPW], and grants to the Assignee, a Lien on and security interest in and to (the "Security Interest"), all of the right, title and interest of Assignor in and to all Minerals produced from the Subject Lands and the proceeds from the sales of those Minerals (the "Pledged Collateral"). Additionally, Assignor has executed that certain Mortgage agreement attached here as Exhibit B.

Ex. B, § 2.08. The VPP Agreement defined "Subject Lands" as "Assignor's [KLMKH] undivided interest in the properties set forth on Schedule II." *Id.* at 4. Schedule II states, "All the Assignor's current and after acquired interest in land, mineral, and leasehold interests in Jefferson County and Leavenworth County, Kansas." *Id.* sched. II.

3

11. On February 21, 2020, ARC LPW and KLMKH executed that certain Security Agreement. *See* Exhibit C. In addition to the collateral identified in the VPP Agreement,

> Grantor [KLMKH] hereby grants, assigns, conveys, mortgages, pledges, hypothecates and transfers to the Secured Party [ARC LPW], a Lien upon, and security interest in (the "**Security Interest**"), all of its right, title and interest in, to and under all of its assets and property, . . . whether now owned by or owing to, or hereafter acquired by, or arising in favor of, Grantor . . . .

Ex. C, § 2(a).

12. ARC LPW filed a UCC-1 Financing Statement, perfecting its interest in

> [a]ll of Debtor KLMKH, INC.'s interest in the oil, gas, or derivatives thereof, or other minerals as extracted and any proceeds of production; oil and gas lease or leases; oil, gas and injection wells; surface and downhold equipment for producing, treating, and storing oil and gas; oil and gas gathering and transmission pipelines; and associated contracts such as, but not limited to, oil and gas purchase contracts and operating and exploration contracts.

*See* Exhibit D.

### III. ARC LPW Obtains a Judgment Against KLMKH.

13. On June 7, 2021, following KMLKH's default under the VPP Agreement, ARC LPW obtained a judgment in the amount of $4,667,880.00 (the "**Judgment**") in the action styled, *ARC LPW I LLC v. KLMKH, Inc.*, No. 4:21-cv-00926 (S.D. Tex. Mar. 22, 2021). *See* Exhibit E.

14. On August 18, 2021, ARC LPW domesticated the Judgment in the District Courts for Jefferson County and Leavenworth County, Kansas. *See* Exhibit F at 1; Exhibit G at 1; Exhibit H at 1.

15. On March 8, 2022, ARC LPW assigned all its rights, titles, and interests under the Judgment to ARC Energy. *See* Exs. F–H.

### IV. The *KLMKH I* Bankruptcy Case.

16. On March 10, 2022, the day of the first scheduled foreclosure sale, KLMKH filed its first voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

4

"**Bankruptcy Code**") in the case styled, *In re KLMKH (KLMKH I)*, No. 22-30102 (Bankr. W.D.N.C. Mar. 10, 2022). *See KLMKH I*, Docket.

17. On March 11, 2022, the Bankruptcy Court entered a show cause order on account of KLMKH failing to file its creditor matrix. *See id.*, Docket No. 6. The Bankruptcy Administrator filed a response in support of dismissal, which the Bankruptcy Court later treated as a motion to dismiss, on account of KLMKH failing to provide proof of insurance coverage on all estate property. *See id.*, Docket, Docket No. 11.

18. On March 28, 2022, ARC LPW moved to dismiss the case or, in the alternative, for relief from the automatic stay to continue with the foreclosure sales. *See id.*, Docket No. 21.

19. On April 29, 2022, the Bankruptcy Court dismissed KLMKH's first bankruptcy case on account of KLMKH failing to insure estate property. *See id.*, Docket No. 66.

V. **The *KLMKH II* Bankruptcy Case.**

20. On May 26, 2022, the day of the first rescheduled foreclosure sale following the dismissal of the earlier bankruptcy case, KLMKH filed its second voluntary petition for relief under chapter 11 of the Bankruptcy Code in the case styled, *In re KLMKH (KLMKH II)*, No. 22-30232 (Bankr. W.D.N.C. My 26, 2022).

21. On June 9, 2022, the Bankruptcy Administrator moved to dismiss or convert the case to chapter 7, because KLMKH, again, failed to provide proof of insurance coverage on all estate property. *See KLMKH II*, Docket No. 23.

22. On June 9, 2022, the Bankruptcy Administrator also moved to transfer the case to the U.S. Bankruptcy Court for the District of Kansas. *See id.*, Docket No. 24.

23. On June 9, 2022, ARC LPW, again, moved for relief from the automatic stay to continue with the foreclosure sales. *Id.*, Docket No. 33.

24. On September 14, 2022, the Bankruptcy Court granted ARC LPW relief from automatic stay and dismissed KLMKH's second bankruptcy case. *Id.*, Docket Nos. 136, 137.

### VI. ARC Energy Obtains the Purchased Leases, Including the Bower Lease, and Purchased Equipment.

25. The previously attempted foreclosure sales eventually occurred on October 19 and 24, 2022. *See* Exs. F–H. During the Jefferson County, Kansas sheriff's sale and the Leavenworth County, Kansas sheriff's sale, ARC Energy purchased all of KLMKH's rights, titles, and interests in certain oil and gas leases covering lands in Jefferson County and Leavenworth County, Kansas (the "**Purchased Leases**"), as well as oil and gas equipment located thereon (the "**Purchased Equipment**").[2] *See* Exs. F–H.

26. On February 10, 2023, ARC Energy recorded two Jefferson County Sheriff's Deed(s) and Bill(s) of Sale in Jefferson County, Kansas. *See* Exs. F–G.

27. On February 16, 2023, ARC Energy recorded the Leavenworth County Sheriff's Deed and Bill of Sale in Leavenworth County, Kansas. *See* Exs. H.

28. The Purchased Leases remain valid leases.

29. The Debtor has no right, title, or interest to the Purchased Leases, including the Bower Lease, or the Purchased Equipment, as they are the sole property of ARC Energy. *See* Exs. F–H.

### VII. CCC's Interests in the McLouth Property.

30. On May 12, 2021, Natan Holdings, LLC ("**Natan Holdings**") obtained a judgment against the Debtor in the amount of $1,489,000 in the case styled *Natan Holdings, LLC v. Dei*

---

[2] The Purchased Equipment includes oil, gas, and injection wells; surface and downhole equipment for producing, treating, and storing oil and gas; oil and gas gathering and transmission pipelines; jump jacks; electric motors; electrical components; stuff boxes; tubing; rods; and plunger pumps. *See* Exs. F–H.

*Vitae Enterprises, LLC*, No. 21-CVS-3227 (N.C. Super. Ct. Mar. 2, 2021). *See* Docket No. 37, ¶ 2, Ex. 1.

31. On September 29, 2022, Natan Holdings domesticated this judgment in the District Courts for Jefferson County, Kansas in the case styled, *Natan Holdings LLC v. Dei Vitae Enterprises, LLC*, No. JF-2022-MV-000026 (Kan. Dist. Ct. Jefferson Cty. Sept. 29, 2022) (the "**State Foreclosure Action**"). *See id.*, ¶ 3, Ex. 2.

32. Natan Holdings later assigned the judgment to CCC on November 16, 2022. *Id.* ¶ 5, Ex. 3.

33. CCC asserts a secured interest in the McLouth Property on account of a judgment lien. *See id.*

34. In May of 2022, the Debtor created new top leases burdening the McLouth Property. *See id.*, ¶ 6. On May 24, 2022, the Debtor and CCC entered into that certain Gas Lease (the "**Gas Lease**"). *See* Lease Rejection Mot. Ex. A. On May 31, 2022, the Debtor and CEP, an affiliate of CCC, entered into that certain Oil Lease (the "**Oil Lease**"). *See id.* at Ex. B.

35. Because ARC took ownership of the Purchased Leases prior to the Debtor creating the Gas Lease and Oil Lease, these top leases are subordinate to the Purchased Leases. *Compare id.* ¶ 6, Exs. A–B *with* Exs. F–H. *See also* <u>Exhibit I</u> at 3, 12 (noting that CCC and CEP concede that ARC Energy obtained title to the leases and equipment, which occurred prior to CCC and CEP obtaining new top leases).

**VIII. The State Foreclosure Action.**

36. Shortly after domesticating its judgment, Natan Holdings initiated foreclosure proceedings against the McLouth Property. *See* Docket No. 37, ¶ 4.

37. On November 18, 2022, Marigny Partners Ltd.—an entity that may or may not have connections to the Debtor's principals, Reuben and Susan Burton—moved to intervene in the State

7

Foreclosure Action. *See* Docket No. 21 at Ex. F; Docket No. 49, ¶ 10. Marigny Partners Ltd. maintains it acquired the right to act on behalf of FZA Note Buyers, LLC ("**FZA**"), which allegedly had a secured interest in the McLouth Property. *Id.* at Ex. F, ¶¶ 1, 4.

38.     That same day, on November 18, 2022, FZA recorded that certain Mortgage, Assignment of Rents and Security Agreement dated June 14, 2021. *See* Exhibit J.

39.     CCC later submitted a successful credit bid for the McLouth Property at the sheriff's sale in Jefferson County, Kansas. *See* Docket No. 21, ¶ 24.[3]

40.     On February 27, 2023, the Debtor purported to convey the McLouth Property to Marginy Oil & Gas LLC by that certain General Warranty Deed dated February 24, 2023.[4] *See* Docket No. 49 at Ex. G. The deed states that the Debtor received $2,200,000 as consideration for the conveyance, but the Motion states that the Debtor received only a $30,000 deposit. *See id.*; Sale Mot. ¶ 16.

**IX.    The *Dei Vitae* Bankruptcy Case and CCC's Quiet Title Action.**

41.     On February 28, 2023, just one day after the Debtor purported to convey the McLouth Property, and the date on which the Kansas state court in the State Foreclosure Action was scheduled to confirm the foreclosure sale, the Debtor commenced this bankruptcy case when it filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *See* Docket No. 1; Docket No. 21, ¶ 24; Docket No. 37, ¶ 32.

42.     On March 2, 2023, CCC initiated a quiet title action against ARC Energy, seeking (i) a declaratory judgment that CCC is the valid owner of the top leases, including leases on the Bower Lease, and (ii) quiet title in the leases, wells, equipment, and personal property located on

---

[3] As stated below, ARC Energy maintains any sale of the McLouth Property does not impair its interests that arise out of the Purchased Leases, including the Bower Lease, and Purchased Equipment.
[4] It is unclear what relationship, if any, there is between Marigny Partners Ltd. and Marginy Oil & Gas LLC. *See also* Docket No. 9 n.3.

8

the top leases. *See* Pet. Quiet Title *Crypto Colo Center Corp., et al. v. ARC Energy Dev. LLC*, No. JF-2023-CV-000015 (Kan. Dist. Ct. Jefferson Cty. Mar. 2, 2023) (the "**Quiet Title Action**").

43. On March 23, 2023, the Debtor recorded that certain Affidavit of Equitable Interest, which asserts an equitable interest in the McLouth Property. Sale Mot. Ex. A.

44. The Debtor is not a party to the Quiet Title Action. Although the Debtor asserts an interest in the McLouth Property and possibly the Bower Lease, the Debtor has not sought to stay these proceedings.

45. In the Quiet Title Action, ARC Energy moved for a temporary restraining order and preliminary injunction, seeking to enjoin CCC and its affiliated entity from using ARC Energy's oil and gas equipment. *See* Exhibit J.

46. On March 21, 2023, the Debtor moved to sell its "Assets" to Marigny Oil & Gas, LLC or its designee, free and clear of all liens, claims, interests, and encumbrances. *See* Sale Mot. 1. "Assets" comprise the McLouth Property and "the rights and interests in Kansas, Colorado, Wyoming and Utah as well as certain personal property." *Id.* ¶ 11. Exhibit B is titled, "Schedule of Assets," and includes, in relevant part, the McLouth Property and the following:

1. All assets, lands, mineral interests, equipment, and intangibles owned or held by DVE and its affiliates in Kansas, Colorado, Wyoming, Utah.

2. A description of oil and gas leases, lands covered by oil and gas leases and the Seller's Working (cost bearing) and Net Revenue (income) Interests in each of the identified Properties.

3. Contracts, Agreements, and instruments to which Seller is a party and which the Properties are bound or subject to.

Mot. Ex. B. The Sale Motion does not identify the "mineral interests, equipment, and intangibles" or the "oil and gas leases" that the Debtor intends to sell in connection with the Sale Motion. *See generally id.*

9

47. On March 21, 2023, the Debtor also moved to reject the Gas Lease and Oil Lease. *See* Lease Rejection Mot. ¶¶ 16, 21. The Debtor does not move to reject any other lease. *See generally id.* In that motion, the Debtor states that "[f]rom about January 2020 to early 2022, the tenant operating the wells, both gas and oil, at the [McLouth Property] was KLMKH," but that "that lease arrangement was terminated by KLMKH, the Debtor, and the [CCC and CEP], as a part of a restructure and alignment of interest to maximize revenue for the operations." *Id.* ¶¶ 12–13.

48. Because the Debtor purports to sell, in addition to the McLouth Property, the Bower Lease and other assets that comprise the Purchased Leases and Purchased Equipment, which are owned by ARC Energy, ARC Energy submits this Objection.

## OBJECTION

### I. The Debtor Cannot Sell Assets the Estate Does Not Own.

49. Under section 363(b) of the Bankruptcy Code, a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, ***property of the estate***." 11 U.S.C. § 363(b)(1) (emphasis added).

50. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." *Id.* § 541(a)(1).

51. It is axiomatic that a debtor "cannot sell assets which the estate does not clearly own." *In re Malek & Chahayed Chiropractic Corp.*, No. 1:09-bk-21967, 2009 Bankr. LEXIS 4511, at *31 (Bankr. C.D. Cal. Nov. 16, 2009) (citing *In re Manning*, 831 F.2d 205, 207 (10th Cir. 1987)). *See also In re Signal Hill-Liberia Ave. Ltd. P'ship*, 189 B.R. 648, 652 (Bankr. E.D. Va. 1995) ("[S]ales of property under § 363(f) are limited to sales of property of the estate. Because the Signal Hill B property is not property of the McMahons' estate, trustee Tyler lacks authority to sell the property." (citation omitted)).

52. Here, ARC Energy cannot determine what assets the Debtor intends to sell on the face of the Sale Motion or exhibits on account of the Debtor's numerous efforts to hinder, delay and conceal the extent of its actual assets and those assets which ARC Energy owns outright. While it is clear the Debtor intends to sell the McLouth Property, the Debtor has failed to identify the "mineral interests, equipment, and intangibles owned by [the Debtor] and its affiliates," the names of these affiliates, or the "oil and gas leases" subject to the Sale Motion. *See generally* Sale Mot. Even the purchase and sale agreement attached to the Sale Motion does not contain this information. *See id.* at Ex. C. Furthermore, the Debtor appears to take the position that the Bower Lease, which ARC Energy purchased during one of the October 2022 sheriff's sales, is property of the estate. *See* Lease Rejection Mot. ¶¶ 12–13. ARC Energy objects to the Sale Motion to the extent the Debtor seeks to sell the Purchased Leases, Purchased Equipment, or other assets owned by ARC Energy. To be abundantly clear, ARC Energy objects to the Debtor's efforts to sell any property that ARC Energy owns.

## II. The Debtor Cannot Sell the McLouth Property or Any Other Real Property Interest Free and Clear of the Purchased Leases, Including the Bower Lease, and Purchased Equipment.

53. Additionally, ARC Energy objects to the Sale Motion to the extent the Debtor seek to sell the McLouth Property or any other property free and clear of the Purchased Leases, which includes the Bower Lease, and Purchased Equipment.

54. Under section 363(f) of the Bankruptcy Code, a debtor may only sell property free and clear of any interest under the following five circumstances:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

11

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

55. The Debtor does not identify which of the five circumstances allows it to sell the McLouth Property or any other property free and clear of any interest, yet alone the Purchased Leases, including the Bower Lease, and Purchased Equipment. *See generally* Sale Mot. Nor can the Debtor.

56. First, the Bower Lease and the other Purchased Leases are not unexpired leases in the traditional context of section 365 of the Bankruptcy Code, but, instead, are real property interests under Kansas state law. Although the determination of whether an oil and gas lease is an unexpired lease is a question of federal law, the classification of the property interest is determined by state law. *See Terry Oilfield Supply Co. v. Am. Sec. Bank, N.A.*, 195 B.R. 66, 73 (S.D. Tex. 1996). Under Kansas law, an oil and gas lease can be either real or personal property depending on the circumstances. *See In re Cascade Oil Co.*, 65 B.R. 35, 41 n.11 (Bankr. D. Kan. 1986). A lessee's leasehold interest in an oil and gas lease is treated as a real property interest where a creditor acquires, perfects, enforces, or forecloses on the lien or mortgage of the lessee's leasehold interest. *See In re Kittle*, 32 B.R. 690, 693 (Bankr. D. Kan. 1983) (citing Kan. Stat. Ann. § 55-210; *Ingram v. Ingram*, 521 P.2d 254, 257 (Kan. 1974)); *see also In re Thexton*, 39 B.R. 367, 369 (Bankr. D. Kan. 1984) (same); *Utica Nat'l Bank & Tr. Co. v. Marney*, 661 P.2d 1246, 1248 (Kan. 1983) (stating oil and gas leases are real property interests where treated as such under statute, such as Kan. Stat. Ann. § 55-210). Here, ARC Energy obtained the Bower Lease and other Purchased Leases through the sheriff's sales and such leases are not capable of rejection under section 365. Moreover, because the Bower Lease and other Purchased Leases are not unexpired

leases, and are, instead, real property interests, the Debtor has failed to—and cannot—identify any nonbankruptcy law that would permit the Debtor to sell the McLouth Property free and clear of ARC Energy's real property interests.

57. Second, ARC Energy does not consent to the sale of the McLouth Property or any other property free and clear of its real property interests including the various leases.

58. Third, the Purchased Leases and Purchased Equipment are not liens, and the Debtor has provided no facts demonstrating that the $2.2 million sale price exceeds the value of the real property interests.

59. Fourth, the Purchased Leases and Purchased Equipment are not in bona fide dispute, because ARC Energy obtained them through the October 2022 sheriff's sales.

60. Fifth, the Debtor has failed to identify any mechanism that would allow the Debtor to compel ARC Energy to accept a money satisfaction for its real property interests. *See In re CDKP Dev., Inc.*, No. 12-06871-8-RDD, 2012 Bankr. LEXIS 5558, at *6 (Bankr. E.D.N.C. Nov. 30, 2012) ("[T]he bankruptcy court must make a finding of the existence of such a mechanism and the trustee must demonstrate how satisfaction of the lien 'could be compelled.'" (citation omitted)).

### III. Marigny Oil & Gas, LLC Is Not a Good Faith Purchaser.

61. The Debtor requests a finding that Marigny Oil & Gas, LLC is a good faith purchaser under section 363(m) of the Bankruptcy Court. *See* Sale Mot. ¶ 23(e).

62. However, the circumstances in which Marigny Partners Ltd. or Marigny Oil & Gas, LLC, which ARC Energy believes are the same or related entities, seek to procure the McLouth Property are not indicative of a good faith purchaser. On November 18, 2022, Marigny Partners Ltd. intervened in the State Foreclosure based on acquiring certain rights to act on behalf of FZA, which allegedly has a secured interest in the McLouth Property. That secured interest was not recorded until later that same day. After the sheriff's sale was conducted and CCC submitted a

successful credit bid, but before the sale was confirmed, the Debtor purportedly conveyed the McLouth Property to Marginy Oil & Gas LLC. According to the deed, the Debtor received $2.2 million for the conveyance. However, the Debtor never received $2.2 million, but instead received only an alleged $30,000 deposit. One day after the conveyance, the Debtor filed for bankruptcy. Thus, Marigny lacks the hallmarks of obtaining a good faith finding under section 363(m) of the Bankruptcy Code. *See Willemain v. Kivitz*, 764 F.2d 1019, 1021 (4th Cir. 1985) (stating a good faith purchaser is one who acts in good faith, gave value, and had no knowledge of any adverse claims).

63. Additionally, to the extent the Debtor or the Debtor's principals have any interest in or would receive any benefit from (e.g., employment or contract) Marginy Oil & Gas LLC, ARC Energy further objects that this entity is not a good faith purchaser. *See, e.g.*, Docket No. 49, ¶ 10 (Bankruptcy Administrator stating that the Debtor previously communicated that it owned a 50% in one of these entities).

64. The Debtor, KLMKH, and their principals, Reuben and Susan Burton, have used the bankruptcy process to stall or otherwise prevent loosing the McLouth Property and Bower Lease on three separate occasions. Moreover, they have taken money from numerous parties and granted assorted oil and gas interests, with no knowledge of what interests they granted to these parties. Now, they are attempting to sell the McLouth Property, ***free and clear*** of these interests, to an entity that, on its face, has a connection to the Burtons. The Court should not condone such behavior and declare that Marigny Oil & Gas, LLC is as "good faith purchaser" based solely on the statement that "[t]he Assets shall be found to be a 'good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code." Docket No. 27 at 5.

**IV.     The Debtor Has Failed to Provide Adequate Notice of the Motions.**

65.     The Debtor has failed to provide adequate notice of the Motions.

66.     The Debtor filed the Motions on March 21, 2023. *See* Docket Nos. 27, 28. The following day, the Court issued a *Notice of Defective Entry or Filing*, informing the Debtor that a notice of hearing is required. *See* Docket No. 29. The Debtor did not immediately serve these documents, or take immediate action to remedy the defective filing. *See* Docket.

67.     On April 11, 2023, CCC and Natan objected to the Motions. *See* Docket No. 37. In response to a *Notice of Defective Entry or Filing*, CCC And Natan filed a *Notice of Hearing*, in which it set a hearing on their **objection** to the Motions on June 14, 2023 at 9:30 AM ET. *See* Docket Nos. 38, 39. This notice was only served on those persons entitled to receive CM/ECF notice, the holders of the twenty largest unsecured claims, and Marginy Oil & Gas LLC. *See* Docket No. 39 at 2. ARC Energy did not receive this notice, as its counsel did not enter an appearance in this case until June 6, 2023, and ARC Energy is not even a creditor, yet alone a creditor who holds one of the twenty largest unsecured claims, of the Debtor. *See* Docket No. 1 at 26–27 (identifying holders of the twenty largest unsecured claims).

68.     On May 26, 2023, the Debtor filed a number of documents in anticipation for the hearing on the Motions and the Bankruptcy Administrator's *Motion to Dismiss Case or, in the Alternative, Convert Case to Chapter 7* that is taking place on June 14, 2023 at 9:30 AM ET (the "**Hearing**"). First, the Debtor filed a *Notice of Hearing* (the "**Notice**"), providing notice of the Hearing to all parties in interest, including ARC Energy. *See* Docket No. 65. Second, the Debtor filed a *Notice of Service of Subpoena*, in which the Debtor identified the twelve entities on which it served subpoenas on May 26, 2023. *See* Docket No. 66. The response deadline for the subpoenas is June 9, 2023, just five days before the hearing on the Motions. *See, e.g.*, *id.* at 4; Docket. Third,

15

the Debtor filed a certificate of service, stating that the Motions and Notice were served on all parties, including, for the first time, ARC Energy. *See* Docket Nos. 67, 68.

69. Under Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Rules**"), the Debtor was required to provide ARC Energy with twenty-one days' notice of a "proposed use, sale, or lease of property of the estate other than in the ordinary course of business." Fed. R. Bankr. P. 2002(a)(2). The Motions and Notice were served on May 26, 2023 and the hearing is set for June 9, 2023. *See id.*; Docket No 65. The Debtor provided just nineteen days' notice of the hearing on the Motions, thus failing to comply with the mandatory notice requirements of Rule 2002.

70. Furthermore, the Debtor seeks to improperly sell substantially all of its assets via a no-protest motion. Pursuant to L.B.R. 9013-1(e)(1), a no-protest motion cannot be used where a debtor seeks to sell "all or substantially all of the assets in a Chapter 9, 11 or 13 case." L.B.R. 9013-1(e)(1). Here, the Debtor is seeking an order "authorizing the Debtor to approve the selling of substantially all of its assets." *See* Docket No. 27 at 1. Even if a no-protest motion was available, which it is not, the Debtor has failed to send a notice "substantially consistent with Local Form 1." L.B.R. 9013-1(e). That form mandates that the Debtor set an objection deadline, which the Notice does not contain. *See* Docket No. 65.

71. Finally, to the extent the Debtor seeks to conduct an evidentiary hearing on the Motions at the Hearing, ARC Energy and other objecting parties, including Southern Star, which recently filed a limited objection to the Motions, are prejudiced. The Debtor snuck in last-minute discovery on numerous parties, including ARC Energy, presumably to obtain information for the Hearing. Whereas the Debtor will have had the benefit of obtaining discovery from numerous objecting parties, ARC Energy will not. Even if ARC Energy was able to issue written discovery in connection with this contested matter and could receive documents before the Hearing, ARC

16

Energy would have just days to review those documents and prepare for an evidentiary hearing. *See* Fed. R. Civ. P. 45(c) (setting presumptive fourteen-day response deadline).

72. The Court should, therefore, require the Debtor to comply with Rule 2002 to ensure all parties in interest have adequate time to prepare for the contested matter.

WHEREFORE, ARC Energy requests that the Bankruptcy Court deny the Motions to the extent they seek to sell—or sell any property free and clear of—any Purchased Lease, Purchased Equipment, or any other asset that is owned by ARC Energy, and grant such other relief as the Bankruptcy Court deems just and proper.

Respectfully submitted,

Dated: June 6, 2023

/s/ Ross R. Fulton
C. Richard Rayburn, Jr. (06357)
Ross R. Fulton (31538)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
(704) 334-0891
(704) 377-1897 (facsimile)
rrayburn@rcdlaw.net
rfulton@rcdlaw.net


/s/ Patrick R. Akers
Timothy M. Swanson (pro hac vice pending)
Patrick R. Akers (pro hac vice pending)
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202
(303) 292-2900
(303) 292-4510 (facsimile)
tim.swanson@moyewhite.com
patrick.akers@moyewhite.com

*Counsel for ARC Energy Development LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2023, a copy of the foregoing *ARC Energy Development LLC's Objection to (I) Motion for Authority to Sell Property Free and Clear of All Liens, Claims, Interests, or Encumbrances Pursuant to Sections 105 and 363 of the Bankruptcy Code, and (II) Motion to Reject Lease Pursuant to Sections 365 of the Bankruptcy Code* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Ross R. Fulton*
Ross R. Fulton (31538)

*Counsel for ARC Energy Development LLC*